U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 07-06719-dd

Order Granting Relief

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**07/09/2012**



Entered: 07/10/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 07-06719-dd |
| DAVID L. ASHFORD AND LINDA M. ) | Chapter 13 |
| ASHFORD, ) | |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER GRANTING DT ACCEPTANCE CORPORATION, ASSIGNEE OF DRIVETIME CARSALES COMPANY, LLC'S RELIEF FROM THE AUTOMATIC STAY**

This matter came before the Court based upon DT Acceptance Corporation, Assignee of Drivetime Carsales Company, LLC's (hereinafter "DT Acceptance") Affidavit of Default and request for relief from the automatic stay (the "Affidavit"). The Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. On or about September 3, 2010, Linda M. Ashford (the "Debtor") received a loan (the "Loan") which Loan is secured by a 2005 Dodge, model Caravan, VIN# 1D4GP25E35B333253 (the "Collateral") on which DT Acceptance has a secured lien.

2. On December 3, 2007, David L. Ashford and Linda M. Ashford filed their petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code.

3. On February 23, 2012, the Court entered an order resolving DT Acceptance's Motion for Relief from the Automatic Stay to pursue its Collateral (the "Order"). The Order provided that the Debtor was to make payments of $600.00, commencing February 25, 2012 and thereafter on the 25th day of each month until the loan is paid in full, and within 20 days of the due date. However, according to DT Acceptance's records, the Debtor has failed to make the full March 25, 2012 payment and the April, May and June 2012 payments as required by the Order. Therefore, DT Acceptance should be

granted relief from the automatic stay.

4. Pursuant to the terms of the Order, DT Acceptance has submitted an Affidavit of Default stating that the Debtor has defaulted under the terms of the Order.

5. Based upon DT Acceptance's Affidavit, the Court grants DT Acceptance relief from the automatic stay to pursue its state law remedies against the Collateral.

6. DT Acceptance agrees to waive any claim that may arise under 11 U.S.C. Section 503(b) or Section 507(b) as a result of this Motion. DT Acceptance further agrees that any funds realized from the disposition of the collateral, in excess of all liens, costs, and expenses, will be paid to the Trustee.

NOW THEREFORE, IT IS ORDERED that DT Acceptance is granted relief from the automatic stay to pursue its state law remedies against the Collateral and the automatic stay is modified as to the Debtor as necessary to send any notices required by the Loan or applicable law.

AND IT IS SO ORDERED.